1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAULINE V.,

                            Plaintiff,

        v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                            Defendant.

Case No.  3:23-cv-05891-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule (MJR) 13. *See also* Consent to Proceed Before a United

States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 10, 12,

13.

        After considering and reviewing the record, the Court concludes the

Administrative Law Judge ("ALJ") did not err in finding Plaintiff not disabled. The Court

accordingly AFFIRMS the Commissioner's final decision in this matter.

                        I.        PROCEDURAL HISTORY

        Plaintiff filed an application for Supplemental Security Income ("SSI") benefits

pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act on May 12, 2020.

*See* Administrative Record ("AR") 17. She alleges disability beginning on November 1,

2011. AR 17. Her claim was initially denied on April 14, 2020, and on reconsideration on

May 24, 2021. AR 116, 138. Plaintiff's requested hearing was held before ALJ Cecilia

1  LaCara. AR 40, 88, 116. The ALJ denied Plaintiff's claim by written decision on

2  December 20, 2022. AR. 14.

3        After the Appeals Council denied Plaintiff's request for review, she sought judicial

4  review of the ALJ's decision in this Court.

5                            II.      BACKGROUND

6        According to the ALJ, Plaintiff suffers from the severe impairments of depression,

7  anxiety, personality disorder, learning disorder, ADHD, migraines, asthma, and obesity.

8  AR 20. The ALJ found Plaintiff was not disabled because she had the following residual

9  functional capacity ("RFC"):

10       perform a full range of work at all exertional levels but with the following
         nonexertional limitations: The claimant can never climb ladders, ropes or
11       scaffolds. She can frequently feel with the right upper extremity. She must
         avoid concentrated exposure to humidity, industrial noise levels, industrial
12       vibration, respiratory irritants, and hazards. Work is limited to simple,
         routine tasks with occasional, superficial interaction with coworkers and
13       the public.

14  AR 22.

15                            III.     DISCUSSION

16       Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

17  social security benefits when the ALJ's findings are based on legal error or not

18  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427

19  F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed

20  harmless where it is "inconsequential to the ultimate nondisability determination." *Molina*

21  *v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks

22  to "the record as a whole to determine whether the error alters the outcome of the

23  case." *Id.*

24

25                                    2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

In Plaintiff's Opening Brief, Plaintiff raises the following issues:

1. The RFC determination is not supported by substantial evidence because the ALJ erroneously discounted Dr. Haroian's opinion without proper evaluation.

2. The ALJ erred by failing to properly consider Plaintiff's limitations resulting from the severe impairment of migraine headaches, and in failing to offer any clear and convincing reason for rejecting Plaintiff's subjectively reported symptoms.

**A.  The ALJ's Assessment of Dr. Haroian's Opinion**

Plaintiff assigns error to the ALJ's evaluation of opinions from examining psychologists John Haroian, Ph.D. Dr. Haroian provided his opinion in July 2019, in connection with a Washington State Department of Social & Health Services (DSHS) evaluation. Dr. Haroian opined that Plaintiff had mostly "moderate," but no "severe," limitations. AR 406. Dr. Haroian found that Plaintiff had a "none or mild" limitation in

multiple functional areas, including performing simple tasks without special supervision; and understanding, remembering, and persisting on tasks by following very short and simple instructions. AR 406. Dr. Haroian assessed two "marked" limitations with making simple workrelated decisions; and maintaining appropriate behavior in a work setting. AR 406. Dr. Haroian assessed an overall "moderate" severity rating based on the impact of all diagnosed mental impairments. AR 406. He further explained Plaintiff had a "strong disability conviction" and observed that when "something is challenging for her she just gives up and says that she doesn't know or can't do it." AR 405. The doctor further explained that this "will make establishing and maintaining substantial, gainful employment very difficult" (AR 405), and that Plaintiff "would likely self-sabotage any effort to get her into substantial, gainful employment." AR 406.

The ALJ found Dr. Haroian's opinion "somewhat persuasive." AR 26. Specifically, the ALJ found the opinion regarding the Plaintiff's inability to complete work is not persuasive because it is based on the Plaintiff's self-reported symptoms, is inconsistent with the Plaintiff's treatment records showing improved functioning with medication management of her ADD symptoms, and is inconsistent with Plaintiff's functioning as reflected in the medical evidence of record during the evaluative period. The ALJ further pointed out the opinion was made prior to the Title XVI protected filing date. AR 26.

The 2017 regulations apply to the ALJ's evaluation of medical opinion evidence. These regulations require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. § 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must consider

whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

In this case, the ALJ compared Dr. Haroian's opinion with medical treatment records. AR 27. This comparison satisfied the ALJ's obligation to consider whether Dr. Haroian's opinion is consistent with the medical record. *See* 20 C.F.R. § 416.920c(c)(2). The ALJ contrasted Dr. Haroian's conclusions with the improvements to Plaintiff's attention and concentration reflected in the treatment record, which were discussed in detail earlier in the decision. *See* AR 22 ("A June 2020 assessment shows no impairment in attention (B2F/1). In treatment notes, the claimant's attention and concentration are noted to have improved with medication management. (B21F/2)"); AR 25 ("During a March 2022 medication review, the claimant reported that the increased dose of Adderall had been effective in helping with her focus and concentration. She was completing more tasks (B21F/2). Her treatment records show that her symptoms are exacerbated by situational stressors. For example, in February 2022, she discussed how her son has been challenging (B20F/3). Her treatment records also show numerous situational stressors including the death of her husband's godmother, the death of family pets and a cancer diagnosis for the remaining dog (B20F/2). Despite this, her mental status exams are noted to be normal or mild, and reveal normal thought processes, orientation, perception, with euthymic or decreased affect and mood (B4F/89; B9F/24; B18F/13; B21F/4)").

The inconsistency between the treatment notes and Dr. Haroian's conclusions is a legally valid reason to for the ALJ to discount Dr. Haroian's opinion as unpersuasive.

*See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Because the ALJ's decision discounting Dr. Haroian's opinion was supported by substantial evidence and was based on a legally valid reason, the Court need not consider the remaining reasons proffered for rejecting the opinion, as any error with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

**B.  The ALJ's Assessment of Plaintiff's Statements Relating to Migraines**

Plaintiff assigns error to the ALJ's evaluation of her symptom testimony. Specifically, Plaintiff states that the ALJ improperly rejected Plaintiff's assertions of symptoms and limitations regarding her migraines, and the ALJ erred by not including RFC limitations that accounted for her headache symptoms.

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 217). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel, 188 F.3d 1087, 1090* (9th Cir. 1999) (inconsistent testimony about symptoms is clear and convincing reason to discount subjective allegations). The ALJ is required to

1    state what testimony they determined to be not credible and point to the evidence that

2    undermines the plaintiff's credibility. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

3        The ALJ recognized that Plaintiff has daily headaches but also has migraines, which

4    are triggered by lights and sound. AR 23. The ALJ acknowledged Plaintiff has tried

5    multiple medications without any relief (AR 45); and that she had recently received

6    Botox injections, which resulted in a small improvement. AR 45; AR 24.

7        The ALJ declined to adopt all of Plaintiff's assertions about her limitations; the ALJ

8    identified treatment records showing that she had trialed medications that reduced

9    migraine intensity and frequency. AR 24. An ALJ may consider the effectiveness of

10   treatment when evaluating a claimant's symptom testimony. 20 C.F.R. §§

11   404.1529(c)(3)(iv)-(v), 416.929(c)(3)(iv)-(v).  For example, in August 2020, Plaintiff

12   reported doing "fine", she was down to one migraine so far, and "better than I have in a

13   long time"; her migraines were better. AR 813. Plaintiff told a mental health care

14   provider that her migraines were cut in half with medication, AR 820 (notes dated 8-19-

15   2020), and she also reported this improvement to Dr. Zhu, a neurologist and

16   electroneurodiagnostic physician. AR 1423 (notes dated 8-3-2022). She reported an

17   increase in her headaches in February 2021, possibly attributable to a change in

18   medication. AR 901. She began receiving Botox injections for migraines in April 2022.

19   AR 1407. In June 2022, the Plaintiff reported "this is the first time in a while that she had

20   a migraine". AR 1382. There are no records of emergency department visits for

21   headaches of migraines.

22       In sum, the ALJ did not err in discounting Plaintiff's testimony regarding the

23   severity of her migraine symptoms. The ALJ provided "specific, clear and convincing

24

25
                                          7

reasons" for doing so, as required by Ninth Circuit law. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Smolen v. Chater*, 80 F.3d 1273,1282 (9th Cir. 1996)). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024); *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1196 (9th Cir. 2004).

Plaintiff further argues the ALJ erred in formulating the RFC. The RFC "is the most you can do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). Specifically, it is the most claimants can do "on a regular and continuing basis" despite functional limitations arising from their impairment(s). *Id.*; *see also* SSR 96-8p, 1996 WL 374184, at *2. The RFC must contemplate the "total limiting effects" of all MDIs, both "severe" and "non-severe," including the effect of pain. 20 C.F.R. §§ 404.1545(e), 416.945(e).

The proper inquiry under SSR 19-4 is not whether the ALJ evaluated every alleged symptom, but whether the ALJ considered "the extent to which the person's impairment-related symptoms are consistent with the evidence in the record." SSR 19-4. In cases where migraine and migraine symptoms are alleged, "[c]onsistency and supportability between reported symptoms and objective medical evidence is key in assessing the RFC." *Id*. SSR 96-8p states the RFC assessment must be based on all relevant evidence. The ALJ must "describe how evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p.

1    The ALJ in this case applied the proper legal standard when formulating the

2  RFC. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the

3  ALJ's [RFC] determination ... if the ALJ applied the proper legal standard"). The ALJ

4  prepared an RFC considering all limitations for which there was support in the record,

5  and then formulated the RFC in accordance with those findings, considering the record

6  as a whole. *Bayliss*, 427 F.3d at 1217. Plaintiff specifically testified that her migraines

7  are triggered by noise (AR 46), which the ALJ accepted in limiting Plaintiff's exposure to

8  noise. AR 22, 26. The ALJ also accounted for Plaintiff's reports of continuing migraines

9  by limiting her exposure to hazards as a safety precaution. The ALJ further accounted

10 for Plaintiff's allegations of reduced concentration into the RFC by limiting Plaintiff to

11 simple, routine tasks. AR 22.

12    Because the ALJ's decision discounting plaintiff's testimony and statements

13 about migraine symptoms and limitations was supported by at least one legally

14 sufficient reason and is supported by substantial evidence, the Court need not consider

15 the remaining reasons proffered for rejecting the opinion, as any error with respect to

16 those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir.

17 2012).

IV.     CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly determined Plaintiff to be not disabled. Therefore, the ALJ's decision is <u>affirmed</u>.

Dated this 13th day of August, 2024.

_Theresa L. Fricke_

Theresa L. Fricke
United States Magistrate Judge